Vacated by Supreme Court, January 14, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4935**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY LEE NEWKIRK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (7:05-cr-00134-BO)

Submitted: May 23, 2007          Decided: July 11, 2007

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David W. Venable, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2007), Johnny Lee Newkirk was sentenced to fifty-one months in prison. Newkirk appeals, challenging the validity of his sentence.

Newkirk argues that his sentence was unreasonable because it was greater than necessary to comply with the purposes of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). In sentencing a defendant after United States v. Booker, 543 U.S. 220 (2005), the district court must calculate the advisory guideline range and then consider whether that range "serves the factors set forth in [18 U.S.C.A.] § 3553(a) and, if not, select a sentence that does serve those factors." United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This court reviews a post-Booker sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006)

(internal quotation marks and citation omitted), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439).

Here, the district court sentenced Newkirk post-Booker and appropriately treated the guidelines as advisory. The record shows that the court considered Newkirk's claim that his criminal history category overstated the seriousness of his past conduct because it asked the probation officer what Newkirk's guideline range would be with lower criminal history categories. Newkirk's fifty-one-month prison term is the bottom of the guideline range and is below the statutory maximum ten-year sentence under 18 U.S.C. § 922(g). We find that Newkirk has failed to rebut the presumption of reasonableness accorded to sentences within the properly calculated guideline range.

Next, Newkirk argues that he is entitled to be resentenced because the district court failed to comply with 18 U.S.C.A. § 3553(c) (West 2000 & Supp. 2007), which requires sentencing courts to "state in open court the reasons for [their] imposition of the particular sentence." Id. Because Newkirk did not raise this objection in the district court, we review his claim for plain error. United States v. Olano, 507 U.S. 725, 733 (1993).

It is undisputed that the court did not state the reasons for the sentence in open court. However, because we find that Newkirk has not shown that this error affected his substantial rights, we conclude that the district court's omission did not amount to plain error.

Accordingly, we affirm Newkirk's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED