**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4935**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

JOHNNY LEE NEWKIRK,

                    Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-6951)

Submitted:  April 28, 2008          Decided:  May 8, 2008

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

David W. Venable, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2007), Johnny Lee Newkirk was sentenced to fifty-one months in prison. On appeal, Newkirk argued that his sentence was unreasonable because he claimed it was greater than necessary to comply with the purposes of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). We concluded that Newkirk was not entitled to relief on this claim. In addition, Newkirk asserted that he was entitled to be resentenced because the district court failed to state in open court the reasons for the sentence as required by 18 U.S.C.A. § 3553(c) (West 2000 & Supp. 2007). However, Newkirk failed to raise this issue in the district court and we found that the court's omission did not affect Newkirk's substantial rights. Accordingly, we affirmed Newkirk's sentence. United States v. Newkirk, 240 F. App'x 591 (4th Cir. 2007) (No. 06-4935). The United States Supreme Court subsequently granted Newkirk's petition for writ of certiorari, vacated our earlier opinion, and remanded the case to our court for further consideration in light of Gall v. United States, 128 S. Ct. 586 (2007). Newkirk v. United States, 128 S. Ct. 1071 (2008).

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall, 128 S. Ct. at 597; see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This review entails a two-step process. First, the appellate court must ensure that the district court committed no procedural error, such

- 2 -

as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597. If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id.

It is undisputed that the sentencing court did not state the reasons for the sentence in open court, as required by 18 U.S.C.A. § 3553(c) (West 2000 & Supp. 2007). Gall provides that a district court's failure to adequately explain the sentence it chooses amounts to a "significant procedural error." 128 S. Ct. at 597. Because the district court did not have the benefit of Gall, we conclude that the proper course to follow is to vacate the sentence and remand the case to give the district court the opportunity to resentence in light of Gall. Accordingly, we vacate Newkirk's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED